## JEWETT *v.* SIDDONS.

*A.* sued *B.* upon a written agreement for improving an alley. The contract was that *A.* should have a certain sum per linear foot from each owner, according to the extent of his ownership on the alley, payable on the completion of the work. *A.* averred performance; that *B.*, who was a signer of the contract, held a lease for years on the alley; and that he refused to pay. *Held*, that the complaint was good on demurrer.

*B.* then answered, denying ownership, and a demurrer to the answer was sustained. *Held*, that it was not necessary for *A.* to allege and prove a fee simple ownership; that *B.'s* lease and possession, taken in connection with his signature, were a sufficient ownership, within the meaning of the contract.

But as *B.* failed to except to the ruling upon the demurrer, he has no right to have the question reviewed.

APPEAL from the *Tippecanoe* Court of Common Pleas.

STUART, J.—*Siddons*, survivor, &c., sued *Jewett* and others, upon a written agreement for grading and paving an alley in the city of *Lafayette*. The contract was that *Siddons* should have at the rate of one dollar and twenty-five cents per foot, lineal measure, according to their several ownerships on said alley. The payment was to be made upon the completion of the work. *Siddons* avers performance in accordance with the contract; that *Jewett*, who was a party to the contract by signing it, was, at the signing thereof, "the owner of a term for years, by virtue of a lease from one *Clark*, of 145 feet of ground, bordering on the alley;" and that *Jewett* had failed and refused to pay, &c.

Demurrer to the complaint overruled. *Jewett* answered,

denying ownership on the alley. Demurrer to the answer sustained, and judgment on demurrer.

The only questions before us are, the sufficiency of the complaint demurred to; and also the sufficiency of the answer upon demurrer.

The complaint is good, and the demurrer properly overruled.

The insufficiency of the answer admits of more serious consideration. The fact that *Jewett* signed the agreement for grading and paving the alley, would seem of itself to import that he did own property on the alley at the time. Whether the written agreement of *Jewett* with *Siddons* would estop the former from contesting the fact of ownership, is not so clear. If he purposely, or fraudulently, or even carelessly, signed his name to a state of facts which did not exist, in order to draw *Siddons* into the contract, the liability of *Jewett* would be clear. Whether the grading was any benefit to *Jewett*, would be immaterial. If *Siddons* proceeded, upon the strength of the representation, to do the work, he was entitled to his pay. But if *Jewett*, under a mistake of facts, signed the contract, it would seem a hardship to hold that he was estopped from alleging the truth. The agreement here has no higher dignity or obligation than a promissory note. It is a promise to pay for work done, or rather to be done. The Court below held *Jewett* estopped by his agreement, and for that reason sustained the demurrer to the answer. Without deciding on the correctness of the decision below for that reason, the ruling below may still be correct. That the Court may have given unsound reasons for a correct opinion, is no ground of reversal.

For another reason, the answer was properly held insufficient. It was not necessary to fix the liability of *Jewett*, that *Siddons* should allege and prove him to be a fee simple owner. The terms of the contract did not require that. The terms are, " one dollar and twenty-five cents per foot, lineal measurement, payable by the parties each for himself according to their respective ownerships on said alley." The word ownership may be satisfied with less than a fee.

It means "property"—"proprietorship"—"exclusive right

of possession." *Jewett's* lease, in connection with his signature, was a sufficient ownership, within the meaning of the contract. His signature of the contract would, perhaps, in any event, lay him liable to *Siddons* in nominal damages. That signature, in connection with his possession under a lease, was sufficient to fix his liability. Without the contract, it is unnecessary to say what *Jewett's* duty in relation to the improvement of the alley would be. But the lease and possession, conjoined with the contract of *Jewett*, removes all doubt. The improvement of the alley might have been of sufficient advantage to *Jewett*, as, in his estimation, to justify him in incurring the expense.

It should be further observed, that the judgment below must be affirmed on another ground. When the Court below sustained the demurrer to the answer, the defendants below did not except. They permitted judgment to go; and simply took an appeal. This was fatal to their right to review the questions determined below. *Zehnor* v. *Beard*, at the last term (1).

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*S. A. Huff, Z. Baird* and *J. M. La Rue*, for the appellant (2).

*S. W. Telford, T. Dame, H. W. Chase* and *J. A. Wilstach*, for the appellee (3).

(1) 8 Ind. R. 96.  Seo, also, *Jolly* v. *The Terre Haute Drawbridge Company, ante,* 417.

(2) Counsel for the appellant contended, *inter alia*, that the Court erred in sustaining the demurrer to the answer on the ground that the defendant was estopped, and cited 1 Greenl. Ev. s. 22, p. 28, where it is said that, "Estoppels must be certain to every intent; for no one shall be denied setting up the truth, unless it is plain and clear contradiction to his former allegations and acts."